On 3rd, please call the next case. 1090442 Agnes Skubel v. 4M Distributors Counsel? Good morning, Your Honors. Opposing Counsel, my name is John Powers. I represent the plaintiff, Avalon Agnes Skubel, in this matter. What this really boils down to is whether Ms. Skubel was an employee of 4M or not. I think the Commission makes two, well, two very erroneous errors in its decision. First of all, the Commission says that Agnes Skubel never alleged 4M was her employer. Well, I think, first of all, an application for adjustment claim clearly shows she's alleging 4M as her employer. And also on the request for hearing form, I believe it's sentence number two, she alleges that there was an employment relationship between her and the respondent. So, obviously, she was saying that 4M was her employer. And the facts show that 4M was her employer. Now, the Commission tried to rely upon the contract that her husband signed so 4M could pay her because of her immigration status. But even when you look to that contract, it shows if you want to believe that 4M hired Ms. Skubel's husband, which is contrary to the facts anyway. Counsel, let me ask you this. I think that certainly the arbitrator, as I understand tonight, the claim, because he found the claim did not prove she was an employee. Then the Commission specifically stated, quoting, in addition to the arbitrator's findings, the Commission found the claim and failed to prove there was a compensable accident. Correct. So there's an appeal taken challenging the finding that she was not an employee of the respondent. But there doesn't seem to be any argument anywhere addressing the accident part of the Commission's holding. Well, first of all, when a case is appealed to the circuit court, the entire record is appealed to the circuit court. So that cannot be waived before the circuit court. Secondly. So if you don't brief it and you don't argue it, it's not waived? Well, I mean. It's up to the court to call out and discern the arguments? Technically, you only have to brief a case before the circuit court. All that the statute requires. Except for one little problem. You can't raise anything in front of us. You can raise it in the circuit court. And you're speaking about what you have to do before the Commission, not what you have to do before the circuit court. I'm appealing the circuit court's decision. We understand that. But what you're talking about that you don't have to raise anything, that's before the Commission. That's not before the circuit court. No, actually, I do have to raise issues before the Commission. You cannot raise anything here that you did not raise in the circuit court. Right. So you can't argue that they were wrong in finding no accident if you never argued they were wrong in finding no accident before the circuit court. Well, I did address that in my reply brief before the circuit court because the Sun-Times brought that up in their brief. So that issue was before the circuit court to decide. And my argument before the circuit court, as is here, it's legally impossible for someone not covered under the Workers' Compensation Act to have an accident under the Workers' Compensation Act. So once the Commission decides the ultimate issue, all other issues are moved at that point. Why didn't you just say that that's exactly what the Commission said? Because that is what they said. They said in adopting the arbitrator's decision, in light of the conclusion of law, the arbitrator finds that 4M Distributors was not an employer or a statutory employer, comma, the rest of the issues are rendered moot. They never decided that there was no accident. They said it was moot once they found out that there was no employer-employee relationship. That's all you had to say instead of arguing. Well, that's what I did say in my reply brief. So that was before the circuit court. But the trial court found the issue waived, didn't it? Isn't that what the trial court found, the issue was waived? Correct. And my argument is the issue cannot be waived from an appeal from the Commission to the circuit court, because technically the circuit court can say, fine, I have the record, I have the Commission's decision, I'll render a decision on my own. I don't need briefs from the party. I will render a decision on my own. There's no rule that requires the parties to brief the issues before the circuit court. Well, the circuit court can't be deciding issues that were never decided by the Commission. Correct. They just send it back and tell the Commission to do it. Right. All that the circuit court can do is review the record for errors or review the Commission's decision for errors. And if there's errors, then obviously send it back. All the circuit court can do is review the issues that were decided by the Commission, which is what the circuit court did here, and we're taking our appeal from that order to this court. But like I said, it's not waived from Commission to circuit court. The entire record is on review pursuant to case law. When a case is appealed from the circuit court, or from the Commission to the circuit court, the entire record is on review. And the parties are not technically required to submit briefs unless the court obviously requests it for convenience. So I don't believe that issue can be waived. And as I said, it's a moot point. Once they find she's not covered under the Act, then it's legally impossible for her to have an accident under the Act. It's legally impossible for her to have a wage that's under the Act or last time under or anything under the Act. So if you look at the contract signed by her husband, clearly it shows even he was, if you want to argue that she was hired by her husband, her husband was an employee of 4N. The contract for which they hired him for was not independent from the nature of 4N's business as a newspaper distributor. It's integral to their business. Circuit court have the ability to bar parties from raising issues on appeal? Well, only on... Can circuit court tell me I can't hear an issue? They can bar you from arguing an issue before me? Where does circuit court ever get that kind of power? I don't know. That's what this judge did. I know. And obviously... Bar him from raising the issue on appeal? That's kind of interesting. Which, that's why I raised it here. I disagree with the circuit court's finding on that issue. Because I don't see how the circuit court can bar me from raising that point before this court and arguing that the circuit court was wrong in finding that I'm barred from raising it. Is it more subtle than that even? I think it's questionable whether circuit court can bar the appellate court from hearing an issue, but is the circuit court prevented from finding the issue? Wait. Can't the circuit court do that? No. It can't. Because the commission decided that issue. So it cannot be waived when it's appealed to the circuit court level from the commission level. Even though you don't argue with the circuit court. So you're saying it's appeal, you need not do nothing before the circuit court, you need not raise the issue before us. We're just supposed to search out the record. No, no, no. When an appeal is taken from circuit court to the appellate court, all issues must be addressed in the briefs. Even though it was not raised in the circuit court. It was raised in circuit court. Appeal from the commission. No, no, no. The Sun-Times raised it in their brief. The purpose of having the entire review before the circuit court pursuant to case law is to eliminate the need for cross-reviews. So once the record is appealed to the circuit court, both parties may raise issues with that record. And who took the appeal to the circuit court? The district. We did. You. Right. Did you, when you took the appeal and in your brief, did you raise this issue of accident? In the reply brief, yes. But not in your original brief. Right. But wait a minute. Let's get straight what happened here. The commission never ruled on the accident. The commission said the issue of the accident was moot. They specifically said that because they found no employer-employee relationship. So there would be no reason for you to raise the question of accident. The only thing you've got to raise is the question of employer-employee. If the circuit court were to find that the commission was wrong on the issue of employer-employee, the only thing that the circuit court could do then is remand the case back to the commission to decide the issues they never decided, including accident. Correct. Because the issue was never decided. So I don't understand why it was even raised. Now, clearly, as an appellee, the Sun Times could raise any issue from the record that would support the judgment below. They could do that as an appellee. But they're placing an issue, a matter that was never decided by the commission at all. They never decided it. Correct. So I don't know how you can waive it. That's my argument. I understand. At least not in those terms. I understand that. Right. But I'm still hung up on the issue of how the circuit court could bar you from raising it here. I think that's kind of cute. Go ahead. Back to the employment issue. The terms of the contract, which Ms. Kubel's husband signed, if you're going to take it to that logical extent and say, well, she was an employee of the husband, the contract clearly shows the services that he's rendered goes to the integral part of the nature of 4M's business as a newspaper distributor. When you look to the nature of the business test, this obviously goes to the heart of that test. 4M retained the right to change the rate that they were paying per newspaper. They also retained the right to terminate the contract at will, which this Court has said in Ware v. Industrial Commission, that that's indicative of an employee-employer relationship when one party retains the right to terminate the contract at will. But in reality, the facts show that it was Agnes Kubel who 4M hired, not her husband. When they placed the help wanted ad in the newspaper looking for a carrier, Agnes Kubel called 4M, not her husband. 4M told Agnes Kubel to come in for an interview. They didn't talk to her husband. 4M interviewed Agnes Kubel, not her husband. 4M instructed Agnes Kubel how to do the job. They never instructed her husband. 4M gave Agnes Kubel the route sheet on how to deliver the newspapers to what subscribers. They never gave that to her husband. In fact, the owner of 4M said in the three years that Ms. Kubel worked there, he couldn't recall ever meeting her husband. So the facts clearly show that 4M hired Agnes Kubel. The signing of the contract was an afterthought for purposes of taxes, how to pay her because her immigration status was pending at that time. So we submit that Agnes Kubel was an employee of the Sun-Times and the Commission's decision finding otherwise was against the manifest way of the evidence. She took direction from 4M's owners, William and Deborah Mazza. They gave her the route sheet. They instructed her on specific instructions from certain subscribers, how they wanted the newspapers delivered. They told her which subscribers to deliver the newspapers to. She wasn't free to just deliver them anywhere. She also did collection work, which was not mentioned in the contract signed by her husband. She did a negotiation with 4M to increase her wages for the collection work. The party stipulated as to what her average weekly wage was, which is another finding by the Commission, which is kind of absurd, saying that there's no evidence of wages. Of course there's no evidence of wages because it was stipulated to by the parties. Once it's stipulated to, it's irrelevant to submit evidence of wages. I believe, Counselor, your time is up. Thank you, Your Honor. Okay, Counselor, you may proceed. My name is Michael Pobolish. I represent 4M Distributors along with David Rosi. Are you arguing for all? Just for 4M, Your Honor. Oh. Excuse me, is anyone else going to argue? I apologize? Is anyone else going to argue? I believe, Counsel, for your son's time. Are you splitting your 15 minutes? If that's what the court would like. Well, you have to. We only have 15 minutes for responses. Okay. Okay. Help me with the state of this record, Counsel. I'm a little slow on the switch here, but what do we have here with the arbitrator? Where did the arbitrator actually find the rule? The arbitrator, and that's an interesting point, the arbitrator found that the petitioner was not an employee of 4M, nor was she even an independent contractor of 4M. Anything beyond that point? He did state, and I think this is where Justice Hoffman was pointing out, that the issue, I believe he said that the other issues were moved, and that's where that language comes from. Well, I'm not asking you to make a conclusion. I'm asking you what the arbitrator actually addressed and found, period. That the petitioner was not an employee nor an independent contractor. Okay, fine. Then what on review was presented before the commission? That sole issue, correct? Well, as it was pointed out earlier, the entire record from the arbitrator to the commission does go up on review, and all issues are under review at that point in time. Was there a finding by the commission? In addition to the arbitrator's findings, did the commission state they found the claim and failed to prove accident? Yes. Where was that stated? We seem to be hung up on that. Was that a specific finding that they made? It was. Instead of saying it was moved? It was. It's in the second paragraph of their decision. They state that the decision of the arbitrator is affirmed and adopted, and then they go on. In addition to the arbitrator's findings, the commission finds petitioner fails to prove accident. They specifically held it. They specifically held it. I'm reading right from their decision right here. So it was addressed by the commission, and that's what we're actually hearing. Which paragraph? It's in the second paragraph of the commission's. If you're in the petitioner's brief. The decision and opinion on review? Correct. It's 812, I believe, on petitioner's brief. Yeah, 812. It's the second paragraph. It starts, it is therefore ordered by the commission. Uh-huh. That the decision of the arbitrator filed November 30, 2005. Okay. I see it. Very good. Thank you. And I think that's what we're here for today. It's not what the arbitrator decided. It's what the commission decided. That's the final decision. And what were the reasons for finding no accident? What was it? The reasons were that. They didn't give any reasons. I'm sorry? They didn't give any reasons, and they didn't discuss it. Well, they were advised of the issues. No, no. They reviewed the record. The fact of the matter is they gave no reasons in this decision whatever on the question of the accident, and the arbitrator never addressed the question of the accident, did he? No, he. Did you get a new trial in front of the commission? There was no new trial. So they can only review the evidence presented to the arbitrator? Correct. Okay. The issue of the accident, is that in the record? The issue of accident was an issue at the time of trial. The commission tries all issues at one time with a few exceptions of, obviously, 19B hearings and other emergency-type hearings where there's limited scope of a trial. But your opponent will argue, and he has argued, that if you fail to prove an employer-employee relationship, you necessarily fail to prove accident, because you can only recover for accidents arising out of and in the scope of your employment. So if you fail to prove employment, you necessarily fail to prove accident. It's one and the same. I'd agree with that. But the fact remains that Tishner presented evidence about accident. But it was never decided by anyone. It was decided by the commission. No. Failed to prove. And failed to prove can relate to the only thing the arbitrator decided, and that's employer-employee relationship. No employer-employee relationship, you fail to prove accident. Just that simple. Sorry. The commission has de novo review power. What reasons did they give? You tell me that they decided it. They don't tell me they decided it, or on what issue they decided it. You're right. How do we review that? We can't understand where the commission came from. So we can't review that, can we? See, to summarize it, I think what Justice Hoffman is trying to say, if I'm correct or incorrect, correct me. But I don't know whether that statement is just a statement that as a matter of law, because we are affirming the arbitrator's finding, which is discussed in the arbitrator's decision of the absence of an employer-employee relationship, that as a matter of law, if you have an independent contractor's relationship, you cannot prove accident. So where I think the question is, we are uncertain here because there's no discussion of what the factors are of the incident and the condition of ill-being, whether they are related in some way to an employment relationship. Am I correct, Justice Hoffman? Is that a fair statement? No. I mean, look, we have an obligation to review the commission's decision. If they give us no reasons for a legal conclusion, then their opinion is defective, just that simple. They have deprived us of the ability of making a review. I don't know if they base that on how do I determine whether it's against the manifest way of the evidence? How would I determine whether it's incorrect as a matter of law? That's a legal conclusion. Well, the paragraph before it, the commission states that they have considered the issues of employment relationship, accident notice, et cetera. Right. So they did review the entire record and the facts that were presented at the time of trial. So they don't have to give me any reasons. What do I review? I'm not certain why the commission didn't write a better decision than they did. If what they're saying is if you fail to prove employment, you necessarily fail to prove accident, and that in addition to his findings that they fail to prove employment, he should have also said by that reason they didn't prove accident, that's fine. We have a single issue to decide whether they proved an employer-employee relationship. And if we affirm them on that, we affirm them. If we reverse them, we send it back to them and tell them to do all the rest of the issues, including accidents. And I agree with you that that would probably be right. But the way they write their decision here, I think it's read the other way, is that they affirm the arbitrator's decision that there's a no employment relationship. Right. And in addition to that, they find it as a separate issue that accident was found. And how do I review that on a manifest wage standard when I don't know why they did it? I can't. I have an additional problem. If I look at the dissent to try to figure out what the dissent is responding to, it just seems logically, Commissioner Gore says, I dissent from the majority on the issue of an employment relationship. And then goes on and talks only as to why he thinks the majority is wrong on that issue of employment relationship. Doesn't address thereafter accident. So, if you were writing the dissent, you would also dissent from the majority on the finding of accident. And there's no discussion of that, which adds further confusion to the decision of the commission. And undermines, to some extent, what you're saying. I mean, we have to live with the decision as you do. Well, we have to as court reviewed. But it seems that a dissent would address two issues. If two issues were actually reviewed and decided by the majority. Well, and that was the problem throughout this case, including the circuit court appeal, is that certain issues weren't addressed. And in this one, I agree with you that Commissioner Gore just clearly focused on the issue of independent contractor or employee. But why would Commissioner Gore do that, knowing? To me, that was the main issue at the time. And I've had the pleasure of handling this case since the trial. So, during the trial, that was a major issue as well. But like I said, facts were put into evidence with regards to all the issues in dispute at that time, including accident. But it clearly, the arbitrator focused on independent contractor and employee. And that's been the main focus the whole time, until the commission added the second sentence in that paragraph that says accident was failed to be proven by the petitioner at the time of trial. Then we go up to the circuit court, and counsel's right. The entire record's up on review. But they have a duty to present their issues to the circuit court that they want to present. What you're saying is, and do you have any body of law? I guess what we're struggling with, admittedly, the commission adds this alternative basis but doesn't specify any underlying reasons for that conclusion. Goes to the circuit court, and the other side, the claimant, just ignores that and doesn't say anything about it. Correct. Does the claimant have some obligation, even if there's allegedly a defective reasoning process or a lack of findings that should be there? Can the claimant just not address it and come up to this court and say, ah-ha, the commission erred? No, I don't think they can. I think they have to address the issue in the lower court. On some basis, even if the commission's decision is erroneous, completely. Correct. Whether it be that it following, you know, the legal impossibility argument, or whether it be a separate argument on its own, I think it has to be addressed at the circuit court. I agree with Justice Hoffman. I wonder how the circuit court can bar you from reviewing the issue. But I think it boils down to the fact that since it wasn't presented by the plaintiff and, you know, the Petitioner-in-Chief in their brief to the appellate court, while they did it in reply, they didn't do it in their first brief as an issue. The Supreme Court has indicated in the area of administrative law, if an administrative body issues a decision that is so lacking in findings that it makes a judicial review of their decision impossible, the appropriate procedure is to vacate it and send it back and tell them to make the appropriate findings. In this particular case, circuit court could not judicially review this on accident, on anything other than employment, and neither can we. Well, the question is, since it was not brought up at the circuit court, can it be brought up here? I think that's the focus that we need on that issue. Waiver binds you. It doesn't bind us. I'm sorry? Waiver binds you. It doesn't bind us. Fair enough. Let's see your response to that. I don't think there is a response to that one. This kind of slipshod decision writing has got to stop. I mean, that commission is supposed to issue decisions that people can review. And if they're not doing it, someone better tell them they have to start. And they have to start giving us reasons for what they do. Now, if the reason for what they did is they're affirming no employment relationship, that's fine. That's easy. That's easy. I mean, that's a reason for finding no accident. But, boy, if they found no accident on some issue other than that, they owe us an explanation and they owe it to the circuit court, too. Well, and to the commission's offense, I think their decision writing is getting better. I've seen longer decisions come out of the commission. In recent times. In recent times. And I would note that this was an 07 case. No, I think the bench wants to emphasize that we're not criticizing counsel. We are trying to get the state of the record so that it's a reviewable record and they're missed all parts. Well, and I think when the issue was raised by the Sun-Times at the circuit court as an attempt to bar any further appeal on the issue of accident, the focus was not that it was a legal impossibility that it could be argued. The focus was whether the facts were presented at the time of trial to support a finding of accident. And I think if you look at the record, there wasn't. The petitioner failed to provide any medical evidence contemporaneous to her accident that supports her allegations of a specific accident on that date. So I think if you look at it that way, the commission's decision does play out that they failed to prove accident on the facts, not as a legal impossibility. If there's no other questions, I'd see the rest of my time. Thank you, counsel. Yes, I think we have a minute coming up. Thank you. May it please the justices and counsel, my name is Robert Ludke, L-U-E-D-K-E, and I represent Chicago Sun-Times. While you're preaching to the choir when it comes to better decisions from the commission, unfortunately, I don't think I'm going to be the one to be telling the commission. I don't think they'd appreciate that. But you're more familiar with these. We don't mind doing it. Okay. You're more familiar with these commission decisions than I am. And, of course, what you see on page 812 of the petitioner's brief is, of course, a copy of the commission's decision, and it says petitioner fails to prove accident. Obviously, they put that in issue. And what the commission does is they adopt the fact findings of the arbitrator. You've seen a number of decisions where they put the arbitration findings on the back, and they simply adopt them as part of the decision. If you take a look at page A-17, in the middle it starts out with a statement of the medical records. And it says, his records, and they're talking about Dr. Dabrowski, reflect he initially saw the petitioner on May 16, 2000, well before the accident. She had problems with her neck well before the accident. And the commission goes on to say at the end of the paragraph, nowhere in Dr. Dabrowski's records does the petitioner mention that she injured her neck lifting bundles at work. The commission has made a fact finding. There is the basis of the commission's decision. At that point, it became incumbent upon the appellant to raise this issue and discuss this issue in the circuit court. The appellant has told you just now that he did not do so. Here is the basis of the commission's finding regarding accident. Now, could they have written two paragraphs? Sure. Could they have written three paragraphs? Sure. They chose to write one paragraph. At that point, the appellant should have said, circuit court, I don't agree with these reasons. I think these reasons are incomplete. I think they should have given other reasons. The appellant failed to do so. And pursuant to the Supreme Court's decision in Penny Cab, they have waived this issue. Now, there are a number of fatal problems with this case. And whether we pick one or the other is not really important. Obviously, for my benefit, since I'm with Sun Times, my argument is, counsel just told you a few moments ago that 4M is in the newspaper business. Well, that's not ultra-hazardous activity. And the ultra-hazardous activity is specifically spelled out in the statute. Nowhere does the appellant allege that 4M or this appellant was engaged in electrical work, any of those kinds of things that is necessary by statute to show that the Sun Times is a statutory employer. Nowhere in the statute does it mention newspaper distribution. Counsel, your time. Your minute is long gone. Thank you. Thank you, counsel. Thank you, Justice. You may reply. I would like to point out that there is no case law on point about waiver of issues from the commission level to the circuit court. And also, I think it's important to note that when I file a review in the circuit court, that's a completely new case. That's a review of the commission's decision. It's not a continuation of the commission's decision. It's something that's completely new. And the appeal in the circuit court is the appeal of the circuit court's order. That's what I'm asking this court to rule on. What does it mean to say that 4M is not a statutory employer under Section 1A3 of the Act? What does it mean? Well, I argue that they were an employer under the Act because they admit that they have at least two employees, Mr. Mazza and his wife. And if you find Agnes Schuble to be an employee, now there's three employees. So by definition under the Act, they would be. Now, as far as the ultra-hazardous activity under the Act, they are also engaged in the distribution of material using a gasoline vehicle. Carriage. Carriage. Correct. Carriage. So there would be ultra-hazardous activity on the application of the Act. And by them having more than two employees, the Act would apply to them. I would point out, too, that if you remain this matter back to the commission to make alternative findings, you know, are you necessarily encouraging the commission to do that in cases where they find on the ultimate issue either no employment relationship or no accident to say, wait, while we have the entire record before us anyway, let's decide everything else in the alternative. Let's go ahead and decide the lost time, the medical, everything, just in case we're reversed. Both parties would be presenting appeals every time on that. The respondent would have to brief the issue saying they disagree with the alternative findings, and the petitioner would be, you know, obviously disputing the original finding. So I would say the commission's order here is, as Justice Hoffman has pointed out, it's a statement of a legal finding. When the commission found Agnes Gould failed to prove that she was an employee under the Workers' Compensation Act, she automatically failed to prove accident. She automatically failed to prove everything. It's a statement of law. But if we were reversed, the only thing we could do is turn it back and tell them they have to decide that issue. They have to decide. The accident is a matter of fact, as opposed to a legal issue any longer. They would have to decide it. I mean, it has to be decided sooner or later. Right. Okay. Thank you. Thank you, counsel, all, in this matter. It will be taken under advisement that this position shall issue.